Chloe J. Wright, who sues, etc.

v.

Frank C. Wright.

*Practice—Dismissal upon Order of Plaintiff.*

The court below is held to have properly dismissed the cause upon a written order of the plaintiff, there being no proof to impeach the validity and good faith of the order.

[Opinion filed August 26, 1886.]

Appeal from the Circuit Court of Logan County; the Hon. G. W. Herdman, Judge, presiding.

Mr. Oscar Allen, for appellant.

The appellant claims that the facts set up in the affidavits amount in substance to a plea of payment, or accord and satisfaction, and that such an issue of fact can be tried only by jury, upon testimony *viva voce*, with a right to cross-examine witnesses, unless such rights are waived; and that to dispose of such an issue upon motion and affidavits is a denial of the right of trial by jury.

It is true that it has been held in several instances in this

Wright v. Wright.

State that a case may be dismissed upon motion and affidavits where the court can see that it is impossible that injury can result. Rybolt v. Milliken, 5 Ill. App. 490; Toupen v. Gargnier, 12 Ill. 79 ; Henchey v. Chicago, 41 Ill. 136; Christopher v. Ballinger, 47 Ill. 107; Ferris v. M'Clure, 36 Ill. 77.

Each of these cases was decided upon peculiar facts which do not seem similar to the facts of the present case, and they fall far short of showing, by decision or principle, that a court can refuse a trial because the defendant and his attorney file their affidavits that the subject-matter of the suit has been paid or settled.

Messrs. A. D. CADWALLADER and BEACH & HODNETT, for appellee.

Parties to a suit may settle the same at any time and courts will enforce settlements so made. Chapman v. Shattuck, 3 Gilman, 49; Toupen v. Gargnier, 12 Ill. 79; Henchey v. Chicago, 41 Ill. 136 ; Christopher v. Ballinger, 47 Ill. 107.

*Per Curiam.* . In this case a written order of the plaintiff was filed dismissing the suit, which the court carried into effect by dismissing it.

There was no proof to impeach the validity and good faith of the order of dismissal. The court would not try such a question, if contended, by affidavits, nor by such a mode of inquiry determine the validity of the settlement ; but the instrument not being impeached would properly carry it out and dismiss the suit, which was in this case done, and, as we think, properly.

*Affirmed.*